UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR MEDINA ALEJANDRO, )<br>)<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>U.S. GOVERNMENT *et al.*, )<br>)<br>      Defendants. ) | Civil Action No. 22-589 (UNA) |

## **MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a form Complaint for a Civil Case, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint is frivolous).

Plaintiff is a resident of San Pedro, California, who has sued the United States for "30 M USD." Compl. at 4. Plaintiff also wants, among other relief, "everybody that comes close to me to take off their Halloween face mask so that I know that my life is not at risk of loss of life." *Id*. Under Statement of Claim, Plaintiff writes:

> People wear Halloween face masks and put mini-speakers behind their head, underneath Halloween face masks, and blast depressing words in my ears. I could make a costly mistakes by mistakenly pointing out a person that blast depressing words to my ears through a mini speaker underneath a Halloween face masks. How can I verify if a person has a mini speaker underneath his or her Halloween face mask, in the back of his or her head. when I can't take off a person's Halloween face mask to inspect Halloween face mask for mini speaker? I don't wear Halloween face masks. But it is very easy for a person that "does" wear Halloween face mask, to know that it is not me who is biasing unwanted words through a mini speaker underneath a person's Halloween face males.

*Id*.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard and suggests no hint of a cure. Therefore, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)). A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
United States District Judge

Date: March 29, 2022